Shearer, J.
The determination of the question presented depends upon the construction of the act aforesaid, section six of which provides:
“That after the passage and approval of this act, any person doing business, contrary to the provisions of this act, shall not maintain an action on or on account of any contract made, or transaction had, in their partnership name * * *. until they have first filed the certificate, and made the publication herein required; provided, however, that if such partners shall at any time comply with the provisions of this act, then such partnership shall have the right to maintain an action on all such partnership contracts, etc, entered into prior as well as after such compliance, etc. ’ ’
It is contended by the. plaintiff in error that the word “maintain” in said section is not synonymous with “begin” or “commence,” but that it is used rather in the sense of “carry forward;” that an action may be commenced notwithstanding the non-compliance with the conditions prescribed, but may not be pursued to final judgment until said conditions are fulfilled. This seems to us an artificial and strained construction. We think the word means to begin and prosecute the action to final judgment. Such is the interpretation adopted by the Supreme Court of Cali *79 fornia in the construction of an act of that state of which our statute is a substantial copy, and it is the more natural and reasonable definition. 28 Pac. 61.
And to entitle such partnership to “maintain an action,” it is necessary that compliance'with the conditions mentioned shall be averred in the petition. The absence of such an averment would render the pleading obnoxious to a general demurrer, or to a special demurrer on the ground of want of legal ■capacity to sue; that is, if it otherwise appeared in the petition as in this case that the firm was within the prohition of the statute.
The defendant should not be driven to tender an issue in respect to compliance with such conditions — vital as we have seen to- the maintenance of such action — if such compliance is not a fact. If the fact exists the plaintiff can easily aver it in limine thus avoiding delay which would ensue if such fact was available only by way of defense. The plaintiff must bring himself within the terms of the statute by affirmative averments, showing his right to sue. Haskins v. Alcott 13 Ohio St. 210-216.
But is it true as contended by counsel, that this act applies to contracts and transactions entered into before its passage? We think not. Statutes should receive such reasonable conslruction, if the words and the subject matter will admit of it, as that existing rights be not infringed. Lessee of Moore v. Vance 1 Ohio, 1, 12. No interpretation should be adopted which makes distinctions between different classes of men in the same business, and imposes penalties on some not borne by others. Nor should unjust or absurd consequences be presumed to be intended.
The construction contended for by defendant in error does violence to the rules just stated, and would possibly render the act unconstitutional
We are bound, if possible, to so construe the act as not to contravene the organic law; and we think it can be done.
*80 To hold that no action is maintainable on a contract made before the passage of the act, by a firm doing business in a fictitious name, would suspend the right of action for at least three weeks after the passage of the act, and thus lead to serious consequences, without fault or laches on the part of such firm.
If ten days after the passage of the act a debtor upon such a contract had attempted to fraudulently transfer his property, or to do any act which would entitle the creditor to a provisional remedy provided by statute, the creditor would have been powerless to protect himself. For until the publication required was complete,he could not begin an action. Such injustice 'could not have been intended.
Of course, if the creditor firm neglected to file the certificate etc. after the act took effect, and thereby sustained loss, he could not complain. It is competent to the legislature to prescribe terms like these under consideration which shall operate prospectively.
In our opinion, this act has no application to contracts or transactions arising prior to its passage. It operates propectivelv only.
Without doing violence to the language, the statute may be read as if the words “after the passage and approval of this act” were repeated after the words “contracts made or transactions had in their partnership name” in the sixth section, thus rendering the act applicable only to contracts etc., made after the act was passed, and eliminating the question of constitutionality as well as the hardship incident to a contrary interpretation. This renders reasonable and just the provision which if construed retrospectively would be harsh and oppressive.
The demurrer was improperly sustained.
Judgment reversed,demurrer overruled, and cause remanded for further proceedings.